IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SAMANTHA KACHEL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 07-CV-578-FHM

**OPINION AND ORDER**

Plaintiff, Samantha Kachel, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 4, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard A. Say was held February 10, 2006. By decision dated May 23, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 10, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 30 years old at the time of the alleged onset date.  She has a high school education and formerly worked as claims processor, retail sales, patient account representative, concession supervisor, staff worker, cashier, packer, counter attendant, and bowling alley attendant.  She claims to have been unable to work since January 1, 2003, as a result of Attention Deficit Hyperactive Disorder, features of borderline personality disorder, and substance abuse in remission. The ALJ determined that Plaintiff has mental limitations that moderately restrict her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, accept instructions and respond appropriately to criticism from supervisors, and to get along with co-workers.  Plaintiff is able to implement simple instructions and some complex instructions.  She can relate to others on a superficial basis as required by her work.  But contact with the public needs to be incidental. She takes medications, but is able to remain alert. [R. 15].  Based on the testimony of a vocational expert, the ALJ determined that Plaintiff is capable of performing her past relevant work as a packer.  The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled.

*See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to use the regulatory technique for evaluating mental impairments; failed to properly weigh medical opinions; erred in finding the packer job qualified as past relevant work; and failed to properly evaluate Plaintiff's credibility. The Court finds that the ALJ failed to document application of the Psychiatric Review Technique (PRT) as required by 20 C.F.R. § 404.1520a; failed to perform an analysis of the requirements of Plaintiff's past relevant work; and also failed to provide an explanation for his credibility determination. Therefore the case must be REVERSED and REMANDED for further proceedings and additional analysis to be conducted in conformity with the requirements set out by the Commissioner and the courts.

### Evaluation of Mental Impairments

The pertinent regulations set out in detail the technique to be followed in evaluating mental impairments. 20 C.F.R. § 404.1520a; 416.920a. The only impairments the ALJ found to exist are mental ones. [R. 14]. Consequently, the regulations require the ALJ to employ what is know as the psychiatric review technique and to include in his decision "a specific finding as to the degree of limitation in each of the functional areas" described in 20 C.F.R. § 404.1520a(c). The four broad functional areas are: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

Although the ALJ recounted the evidence pertaining to three of the four areas, he did not make the required findings except to note that Plaintiff does not have marked

limitations in her activities of daily living, social functioning, or maintaining concentration, persistence, or pace. [R. 15]. The ALJ's decision does not incorporate the pertinent findings and conclusions required by 20 C.F.R. § 404.1520a(e). The ALJ's failure to document the application of the psychological review technique in the decision as required by the regulations, 20 C.F.R. § 404.1520a(e), requires reversal of the ALJ's decision and remand of the case for further proceedings.

### Past Relevant Work and Residual Functional Capacity

Plaintiff claims that the ALJ failed to properly evaluate the demands of Plaintiff's past relevant work in accordance with SSR 82-62. *See also, Henrie v. U.S. Dept. of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) (requiring the ALJ to inquire into the demands of Plaintiff's past relevant work, to compare those demands to Plaintiff's residual functional capacity, and to make appropriate findings). *Henrie*, 13 F.3d at 361. In the ALJ's questioning of the vocational expert a hypothetical question was posed wherein the ALJ asked whether Plaintiff could return to her past relevant work with the limitations of being capable of understanding, remembering and carrying out simple instructions and some complex instructions, being able to relate to others on a superficial level and with only incidental contact with the general public. [R. 496]. Contrary to the requirements of SSR 82-62, the ALJ's decision does not contain a finding of fact as to the physical and mental demands of Plaintiff's past relevant work.

Furthermore, the vocational expert's testimony does not constitute substantial evidence because the hypothetical question posed did not include all of the limitations the ALJ found to exist. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the

claimants' impairments cannot constitute substantial evidence to support the Secretary's decision." In posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

In this case the denial decision contains findings about restrictions that the ALJ did not include in the hypothetical question posed to the vocational expert. In the decision, the ALJ included the following restrictions not posed to the vocational expert:

> She has mental limitations that moderately restrict her abilities to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, accept instructions and respond appropriately to criticism from supervisors, and to get along with co-workers.

[R. 15]. Because the ALJ's decision also included the language posed in the hypothetical question within the same paragraph, it is not clear whether the foregoing language is redundant or is meant to express additional limitations. This possible inconsistency should be addressed and cleared up on remand.

## **Credibility Analysis**

Plaintiff argues that decision should be reversed because the ALJ failed to state any reason why he found Plaintiff or her parents to be not fully credible. The Court agrees.

The entirety of the ALJ's credibility analysis follows:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

[R. 15]. It is well established that although credibility determinations made by an ALJ are generally treated as binding upon review, the ALJ's decision must contain a discussion of his credibility analysis and must explain why he determined that the testimony is not credible. Standard boilerplate will not suffice. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ's decision contains only the bare conclusion that he found the testimony not to be credible. The decision lacks any explanation of any reason for that conclusion.

It is not enough that the decision be supported by substantial evidence. The decision must also demonstrate that the ALJ adhered to the correct legal standards in reaching the decision. Where, as here, an ALJ does not identify and discuss the evidence upon which he relies, the Court cannot meaningfully review the ALJ's determination. *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). The Court finds that the ALJ's failure to adhere to the proper legal standards in making his credibility determination mandates reversal.

## CONCLUSION

The Court finds that the ALJ failed to document application of the Psychiatric Review Technique (PRT); perform an analysis of the requirements of Plaintiff's past relevant work;

and also failed to provide an explanation for his credibility determination. Therefore the case must be REVERSED and REMANDED for further proceedings and additional analysis to be conducted in conformity with the requirements set out by the Commissioner and the courts.

SO ORDERED this 18th day of November, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE